## CHAPMAN & AL. *vs.* SHAW.

A plea in abatement that the officer who served the writ was, after his appointment as deputy sheriff, appointed and commissioned as a Justice of the peace, whereby the former office became vacant, is a bad plea, unless it shews not only that he *took* the oaths of the latter office, but that he also *subscribed* them.—*Vid. Constitution, art. 9, sec. 1.*

In this case the defendant pleaded in abatement of the writ, that the officer who served it, after his appointment as deputy sheriff, was appointed and commissioned as a Justice of the peace, " and *took the oaths* prescribed by the constitution and laws of this State, necessary to qualify him to act in that office," and had ever since exercised the same, whereby his office of deputy sheriff became vacant, &c. To which the plaintiffs demurred.

*Sheppard,* in support of the demurrer, contended that on a plea in abatement the right *de jure* to an office could not be tried. The compatibility of the two offices is a constitutional question, deeply affecting the incumbent, and ought not to be examined in this collateral way; much less decided against him, in a cause to which he is not a party, and where he has not the power to be heard. It is even doubted whether the rights of electors can be gone into upon a trial of the rights of the elected. 3 *Burr.* 1387 —but the Courts of this country and of Westminster Hall, seem to be agreed that the right to an office cannot be tried in any other way than by a *quo warranto,* or other process, in which the officer is a party. 3 *Bac. Abr.* 636, 647. *Rex v. Gayer* 1 *Burr.* 245. *Cowp.* 489, 507. 2 *D. & E.* 277. *The people v. Collins* 7 *Johns.* 549. *McInstry v. Tanner* 9 *Johns.* 234. *Fowler v. Bebee* 9 *Mass.* 234. *Com'th v. Fowler* 10 *Mass.* 290.

*Allen,* for the defendant, insisted that the constitution had settled the question of compatibility, upon a fair construction of its provisions; and that having accepted the second commission, and taken the oath of office, the first was *ipso facto* vacated.

PER CURIAM. If the defendant would abate the writ in this case, he should have shewn in his plea that the officer who served it was disqualified to act in that office, by being commissioned

and qualified to act in another, with which it was incompatible. But this he has not done. The constitution requires not only that the oaths of office shall be taken, but that they also shall be *sub-scribed*, before the person commissioned shall enter upon the discharge of its duties;—and this latter and essential part of his qualification not being alleged, the plea is therefore bad. Until he was *qualified* to act as a Justice of the peace, his office of deputy sheriff was not vacated.

*Respondeat ouster awarded.*